UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSIE JONES,

                Plaintiff,                Case No. 2:13-cv-282

v.                                          Honorable R. Allan Edgar

ROBERT NAPEL et al.,

                Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

        Plaintiff Jessie Jones, a prisoner incarcerated at the Oaks Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis* within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

### Discussion

        The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless –

and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit.  *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder  and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. The Court has dismissed more than three of Plaintiff's lawsuits as frivolous, malicious and /or for failure to state a claim. *See Jones v. Baker*, No. 2:06-cv-279 (W.D. Mich. Feb. 13, 2007); *Jones v. Ollis, et al.*, No. 2:08-cv-155 (W.D. Mich. Oct. 16, 2008); *Jones v. Bonevelle*, No. 2:08-cv-233 (W.D. Mich. Oct. 21, 2008); *Jones v. Yoak, et al.*, No. 2:08-cv-255 (W.D. Mich. Dec. 5, 2008). Plaintiff also has been denied leave to proceed *in forma pauperis* in previous actions filed in this Court because he has three strikes. *See, e,g., Jones v. L'Anse Pharmacy et al.*, 2:12-cv-293 (W.D. Mich. Sept. 4, 2012).

Plaintiff contends that he should be permitted to proceed *in forma pauperis* because he is under imminent danger of serious physical injury. A prisoner's claim of imminent danger is subject to the same notice pleading requirement as applied to prisoner complaints. *Vandiver v. Prison Health Services, Inc.*, __ F.3d __, 2013 WL 4309118, at *3 (6th Cir. Aug. 16, 2013). Consequently, a prisoner must allege facts in the complaint from which court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id*. In order to allege sufficiently imminent danger, the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed. *Id.* at *4; *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Consequently, a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Vandiver*, 2013 WL 4309118, at *4; *Rittner,* 290 F. App'x at 797–98; *see also Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception.")

Plaintiff alleges that he was transferred to Marquette Branch Prison on February 12, 2013, and placed in a cell that was "saturated with toxic black mole [sic]." (Compl. 3, Docket #1, Page ID#4.) As a result of exposure to the black mold in his cell, Plaintiff claims to be suffering from

"breathing problems, severe pains in his lungs and chest, headaches, numbness in his hands, legs and feet." (*Id*.) Plaintiff alleges that Defendants, the Warden and an Assistant Resident Unit Supervisor at the MBP, were informed about the mold problem in his cell, but refused to move him to another cell. However, at the time Plaintiff filed his complaint, he was incarcerated at the Oaks Correctional Facility. Apparently, Plaintiff was transferred from MBP to Oaks before he filed his complaint. Because Plaintiff no longer was incarcerated in the cell at MBP containing the alleged black mold, he was not in real and proximate danger of serious physical injury at the time the complaint was filed. *See Vandiver,* 2013 WL 4309118, at *4; *Rittner,* 290 F. App'x at 797–98. The fact that Plaintiff faced danger during his past incarceration at MBP is insufficient to demonstrate imminent danger. *Id.* Consequently, Plaintiff has failed to allege facts establishing that he is under imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee.

Dated: 10/4/2013         /s/ R. Allan Edgar
                          R. Allan Edgar
                          United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**